UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| LINDA SUE MOUNCE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-200-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JIMMY WILSON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** *** ***

Plaintiff Linda Sue Mounce Wilson, who lists her address as 107 Park Avenue, Apt. H, Somerset, Kentucky, 42501 , has filed a *pro se* complaint in which she asserts claims under 42 U.S.C. §1983.[1] The plaintiff also has filed a motion to proceed *in forma pauperis* [Record No.4] which the Court will address by separate Order.

The Court has screened this non-prisoner, fee-paid complaint under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject

---

1 To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, the plaintiff must demonstrate that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

matter jurisdiction." *Id.* at 480. Under these circumstances, amendment would not be permitted after dismissal to cure such defects.

In addition, the Court notes that this is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff has filed a pre-printed §1983 complaint form which is typically used by prisoners. She also has submitted handwritten responses to the questions contained in the complaint form. [Record No. 1] Although the plaintiff's handwriting is illegible in certain passages, it appears that she has asserted several different claims, six of which relate to her confinement in the Pulaski County Detention Center ("PCDC").[2]

First, the plaintiff alleges that while she was an inmate at the PCDC, she was subject to what she describes as inhuman conditions of confinement. To that extent, she has named PCDC itself as a defendant. Specifically, she complains that she was placed in a cell in which other inmates had urinated on the floor. Second, she complains that she had to stay in the cell five hours instead of four hours. These claims fall under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment, a component of which involves conditions of confinement.

2 The plaintiff states that she was placed in the PCDC on April 10, 2005, at 12:30 p.m. and was released on April 10, 2005, at 5:30 a.m. Based upon the address she listed when she filed this action, the plaintiff does not appear to be in custody at the present time.

Third, plaintiff appears to object to Defendant Jimmy Wilson's employment, in some unspecified capacity, at the PCDC. The plaintiff's handwritten statements about Wilson are difficult to read, but she appears to complain that, because Wilson himself had been in jail in 1982 on a drug charge, he was not qualified to work at the PCDC. Giving this claim the broadest possible construction, it would also fall under the Eighth Amendment. Fourth, the plaintiff complains about Wilson having thrown a possession of hers onto the urine-contaminated cell floor.[3]

Fifth, the plaintiff complains that the PCDC's administrative and/or booking and bonding procedures caused her to sustain a monetary loss. The plaintiff's handwritten explanation of this claim is confusing. Sixth, the plaintiff identified Evelyn Sullivan as being an employee of the PCDC, although she did not allege any facts referring to, implicating, or involving Evelyn Sullivan in any of the conditions she alleges existed at the PCDC.[4]

The plaintiff also named the Somerset Police Department ("SPD") as a defendant. She alleged that the SPD harassed her and her husband in order to get them to work for the "drug task force." [Complaint, §IV (B)] Notably, the plaintiff alleges that "they [the SPD] have him [plaintiff's husband] convicted of trafficking in drugs and I am still in trial." *Id.*[5] She alleges that the SPD is subjecting her to cruel and unusual punishment. Construed broadly, the plaintiff's claims against the SPD could also be characterized as falling under the Fourteenth Amendment, which guarantees due process of law.

---

3 The Court cannot discern the plaintiff's handwriting well enough to identify the object thrown on the floor.

4 The Court is unsure if this named defendant is "Evelyn" or "Eylan." The plaintiff's handwriting was not clear enough to make a determination of this defendant's first name.

5 It appears that the plaintiff is a defendant in a pending criminal action.

DEFENDANTS AND RELIEF REQUESTED

The plaintiff names the following defendants in this action: (1) the PCDC; (2) Major Jimmy Wilson, whom the plaintiff identifies as an employee of the PCDC; (3) Evelyn Sullivan, whom the plaintiff identifies as an employee of the PCDC; and (4) the SPD. The only relief requested in §V of the complaint is the removal of Major Jimmy Wilson as an employee of the PCDC.

DISCUSSION

1. Claims Against the PCDC

To the extent that the plaintiff has asserted claims against the PCDC, she actually asserts claims against Pulaski County and/or the governing body of Pulaski County, the Pulaski County Fiscal Court. The plaintiff has alleged that there were alleged events and/or conditions of confinement which violated her constitutional rights while she was confined for five hours in the PCDC, but she has not described or alleged any facts involving wrongdoing on the part of the Pulaski County Fiscal Court or other governing county authority.

As local governments, a county authority or county fiscal court can only be held liable when the constitutional deprivation arises from a governmental custom or practice. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 236 (1978) ( "...[t]he language of §1983...compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot he held liable under §1983 on a *respondeat superior* theory.")

A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must "identify the policy, connect the policy to the [County] itself and show that the particular injury was

incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.), *cert. denied*, 510 U.S. 1177, 114 S.Ct. 1219 (1994). *See also Wooten v. Logan*, 2004 WL 68541, **2 (6th Cir. Tenn., January 14, 2004), which reiterates that a local government cannot be made liable under principles of *respondeat superior*; for a municipality to be liable, the action must be the result of an official policy of the municipality. *Wooten* notes that *Monell*'s holding distinguishes acts of the municipality from the acts of the employees of the municipality. *Id*.[6]

Kentucky county fiscal courts and/or the members thereof must be shown to have "condoned, encouraged or participated in . . . alleged misconduct, in order for them to be held liable in . . . §1983 action[s]. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989)." *Gibson v. Stratton*, 930 F.2d 918, 181 WL 52897 (6th Cir. 1991) (unpublished opinion). *See also Nunn v. Henderson Fiscal Court*, 69 F.3d 537, 1995 WL 631597 (6th Cir. 1995) (unpublished opinion) (affirming grant of summary judgment, the court finding that the plaintiff "failed to establish a 'custom or policy' so that the defendants could be held liable in their official capacities"). *See also Hicks v. Frey*, 992 F.2d 1450 (6th Cir. 1993); *Johnson v. Hardin County*, 908 F.2d 1280, 1285 (6th Cir. 1985) (local governing body can be held liable only where the allegedly unconstitutional act is a result of an unconstitutional policy officially adopted by the governing body's officers).

In sum, the plaintiff's various constitutional claims against the PCDC, Pulaski County and/or the Pulaski County Fiscal Court fail to state a claim upon which relief can be granted. She has not

---

6 In *Graham v. County of Washtenaw*, 358 F.3d. 377 (6th Cir. 2004), the plaintiff's decedent, Graham, died in custody after he ingested a large amount of cocaine while being arrested for an unrelated marijuana charge. His estate sued and alleged that the county jail had provided inadequate medical care to the decedent. The Sixth Circuit held that even if a constitutional violation had occurred with respect to the quality of medical care the decedent received during the arrest, Washtenaw County could not be held liable for it. The court carefully examined the county's policy regarding medical care to prisoners. Citing *Monell*, it determined that there was no evidence that the county's policy regarding the provision of medical care to prisoners was the "moving force" behind any constitutional violation committed against the decedent. *Id*. at 385.

alleged that the Pulaski County Fiscal Court implemented or practiced a policy which violates any provision of the United States Constitution. The plaintiff has failed to state a constitutional claim against either the PCDC and Pulaski County upon which relief can be granted. Her claims against these defendants must be dismissed with prejudice.

2. Personal Property Claim

Although difficult to discern, the plaintiff may be complaining about the loss of $488.00 in connection with her release from the PCDC on April 10, 2005. To the extent that a due process claim for the alleged lost money exists, the plaintiff has not alleged that the Kentucky state court remedies fail to provide her with a corrective procedure, or that the corrective procedures provided by state law are deficient or are inadequate to remedy the loss. *See Brickner v. Voinovich*, 977 F.2d 235, 237 (6th Cir. 1992) (plaintiff asserting §1983 damage suit claiming the deprivation of a property interest without procedural due process of law must plead and prove that state remedies for redressing the wrong are inadequate); *Hudson v. Palmer*, 468 U.S. 517, 530-36, 104 S.Ct. 3194 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir.1995); *Harris v. City of Akron, et al.*, 29 F.3d 1086 (6th Cir. 1994); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir.1993). As the plaintiff has not alleged an inadequate state remedy, *Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985), her construed claim of property loss will be dismissed without prejudice.

3. Claims Against Evelyn Sullivan

Although the plaintiff has listed this individual as a named defendant, she alleges no actual or construed claims against Sullivan. "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

When a plaintiff generally alleges that he has been deprived of rights, privileges secured by the federal Constitution, but the plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)). Here, the plaintiff has failed a claim Sullivan upon which relief can be granted. Therefore, her claims against Sullivan will be dismissed with prejudice.

4. Claims Against Major Jimmy Wilson

To the extent that an Eight Amendment claim may exist with regard to Defendant Wilson's alleged action in throwing an item of hers on the urine-covered cell floor, the plaintiff has failed to demonstrate that she submitted an administrative grievance with the PCDC about that claim. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions (this includes any other incident to prison life, such as excessive force) to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999).

Since April 26, 1996, the effective date of the PLRA, 42 U.S.C. §1997e(a), has provided that:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This Court has held that in order to meet the exhaustion requirement of the PLRA, a prisoner must either attach a copy of his prison grievance forms to the complaint or state the nature of the remedies pursued and the result of each process. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th

Cir.2000); *Jones v. Bock*, 2005 WL 1400205, *1 (6th Cir.(Mich. June 15, 2005) (Not selected for publication in the Federal Reporter). "Pursuant to this circuit's opinion in *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir.2005), it is now clear that total exhaustion of all claims is required in order for a prisoner to bring a civil rights action in this court." *Williams v. Overton*, 2005 WL 1513102, *3 (6th Cir.(Mich.) June 22, 2005) (Despite Williams' exhaustion of an accommodation claim, *Jones Bey* required dismissal of the entire action due to Williams' failure to exhaust his medical claims).

The Sixth Circuit has also held that it is contrary to congressional intent, in enacting the PLRA, to allow inmates to bypass the exhaustion requirement by waiting until their administrative remedies are time-barred. *Wright v. Morris*, 111 F.3d 414 (6th Cir.), *cert. denied*, 118 S. Ct. 263 (1997). Unless the record demonstrates that the requirements of §1997e(a) have been met, the District Court is to dismiss prisoner claims without prejudice. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S.Ct. 88 (1998).[7]

In this case, the instant plaintiff does not indicate -- or even remotely suggest -- that she pursued any grievance procedures with regard to her claims about Wilson. She provided the Court with no documentary evidence of her efforts. Furthermore, while it appears from the record that the plaintiff was released from the PCDC, and that she appears at this time not to be a prisoner, her change in status does not excuse her obligation to have filed a grievance while she was confined in the PCDC, asserting her §1983 constitutional claims. *See Cox v. Mayer*, 332 F.3d 422 (6th Cir.

---

7 The "total exhaustion" rule requires that district courts dismiss without prejudice a mixed complaint (alleging both exhausted and unexhausted claims) for failure to exhaust administrative remedies whenever there is a single unexhausted claim, despite the presence of other exhausted claims. *See Bey v. Johnson*, 407 F.3d at 806 ("We now join the Tenth and Eighth Circuits in holding that total exhaustion is required under the PLRA."). While the Court could have dismissed all of the plaintiff's other claims without prejudice under the "total exhaustion rule," the Court has reasoned that dismissal with prejudice of some of the asserted claims is appropriate.

2003). The plaintiff's Eighth Amendment claims against Defendant Wilson will be dismissed without prejudice.

5. Claims Against the SPD

To the extent the plaintiff asserts a claim against the SPD, she essentially asserts a claim against the City of Somerset. The plaintiff's claims against the SPD and her construed claims against the City of Somerset must be dismissed for two reasons. First, to the extent that the plaintiff alleges she has been charged with a drug trafficking charge, and that the SPD has harassed her about becoming an informant, any claims against the SPD relating to her April 10, 2005 arrest would be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

*Heck* precludes the recovery of civil damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, where the plaintiff is unable to prove that the underlying conviction or sentence has been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such determination; or (4) called into question by a federal court's issuance of a writ of habeas corpus. *Id.*, 512 U.S. 477, 486-87. *See also Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir.1999) (holding that non-prisoner appellant's civil rights action "must be dismissed without prejudice until the state proceedings have resulted in a not guilty verdict, or any conviction has been overturned on appeal or questioned in a federal habeas corpus petition"). For this reason, the plaintiff's claims against the SPD and the City of Somerset will be dismissed.

Second, even assuming that the plaintiff's criminal charges were resolved in her favor, the plaintiff has failed to allege the existence of a policy, custom, or practice in the SPD or the City of Somerset condoning the alleged harassment about which she complains. Under *Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495 (6th Cir. 1996), such

a policy must be shown by a clear and persistent pattern. 103 F.3d at 508; *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 - 33 (6th Cir. 2005).[8]

The plaintiff makes no such assertion here. For the Court to infer a municipal-wide policy based solely on one instance of alleged harassment would result in the collapsing of the municipal liability standard into a simple *respondeat superior* standard. As discussed, the Supreme Court has forbidden this approach to municipal liability. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018; *cf. Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (holding that a municipality was not liable for its hiring decision where the employee later went on to use excessive force against plaintiff because the plaintiff failed to demonstrate that the municipality directly caused the injury through its own deliberate action). As the plaintiff fails to state a claim upon which relief can be granted against the SPD and/or the City of Somerset, those claims will be dismissed with prejudice. *Apple v. Glenn*, 183 F.3d at 480.

---

8 *See also Binder v. Redford Tp. Police Dept.*, 93 Fed.Appx. 701 (6th Cir., February 27, 2004), in which the Sixth Circuit stated :

> To hold the Redford Township Police Department liable under §1983 for its officers' actions, Binder must prove that an official custom or policy caused the violation of his constitutional rights. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L. Ed.2d 626 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under §1983 to identify a municipal'policy' or 'custom' that caused the plaintiff's injury."); *Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L. Ed.2d 412 (1989); *Monell v. Dep't of Social Servs*., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L .Ed.2d 611 (1978). A municipality can be liable only for policies or customs sanctioned by an official "responsible for establishing final government policy respecting such activity." *Pembaur v. Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).
>
> Binder neither pleaded any facts nor presented any evidence to support his contention that the Redford Township Police Department violates business owners' reasonable expectations of privacy as a matter of policy or custom. Consequently, the district court properly granted summary judgment in favor of the police department on Binder's Fourth Amendment claim.

*Binder v. Redford Tp. Police Dept.*, 93 Fed.Appx. at 703.

CONCLUSION

For the reasons discussed above, it is **ORDERED** that this action is **DISMISSED**. The claims asserted by the plaintiff will be dismissed with prejudice with the exception of the plaintiff's Eighth Amendment claims against Defendant Wilson which will be dismissed without prejudice. In addition, her construed claim of property loss will be dismissed without prejudice. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This 24th day of August, 2005.




**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**